

FILED
2016 Sep-01 AM 07:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| DARRELL WILSON,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>CHIEF G.B. BLAYLOCK, et  )<br>al.,  )<br>)<br>Defendants.  )<br>) | 6:16-CV-01064-LSC |

### Memorandum of Opinion

Plaintiff Darrell Wilson ("Wilson") brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights and seeking $100 million in damages. Specifically, Wilson claims that he was "kidnapped" by a series of defendants in retaliation for his refusal to provide a statement relating to a burglary and that other defendants assisted in "covering up" that retaliation. Wilson names as defendants in the action several law enforcement officers, employees of the Alabama Board of Pardons and Paroles, two state court judges, former Alabama attorney general Troy King, an employee of the Alabama State Bar, a district attorney, and several other attorneys. Before this Court is Wilson's motion to appoint counsel (Doc. 6). For the reasons stated below, the motion is due to be denied and Wilson's complaint dismissed.

I. **BACKGROUND**[1]

The morning of March 28, 2007, Defendants G.B. Blaylock ("Blaylock") and Doug Webb ("Webb") went to Wilson's home in Guin, Alabama, to speak with Wilson about a burglary. (Doc. 6 at 19.) Upon arrival, Blaylock noticed that the tailgate and right rear fender of Wilson's pickup truck were damaged and that the left tail light was broken. (*Id.*) Blaylock and Webb placed Wilson in a patrol car (Doc. 1 at 10) and took him to City Hall for questioning (Doc. 6 at 19). Wilson provided several different explanations to Blaylock about how the damage to his truck occurred. (*Id.*) Believing that Wilson was involved in the burglary, Blaylock asked Wilson about two tool boxes. (*Id.*) Wilson stated that there was a tool box "laying by the utility pole in his yard," and Wilson and Blaylock returned to Wilson's home to seize the tool box. (*Id.*) Later that morning, Blaylock and Webb also seized Wilson's truck. (Doc. 1 at 10.) Wilson did not provide a written statement about the burglary, as Blaylock requested. (Doc. 6 at 20.)

Wilson was arrested and charged with theft and criminal mischief on April 2, 2007. (Doc. 1 at 12.) At the direction of Blaylock and Webb, Marion County Sheriff's Deputy Jeff Hughes ("Hughes") transported Wilson to the Marion

---

[1] In reviewing the complaint for frivolousness, this Court is not required to presume the truth of the facts alleged. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, it need only weigh the allegations "in favor of the plaintiff." *Id.* The facts as presented are derived from Wilson's initial complaint (Doc. 1) and his instant motion to appoint counsel (Doc. 6).

County Jail. (*Id.* at 11–12.) Hughes did not present Wilson with a warrant at the time of the arrest, and Wilson did not appear before a judge after arriving at the jail. (*Id.* at 12.) Several days later, on April 11, 2007, Wilson attended a parole hearing based on what he alleges were falsified documents aimed at "covering up" the unlawful conduct of Blaylock and Webb. (*Id.* at 13–14; Doc. 6 at 3.) Wilson's parole was revoked in May 2007. (Doc. 1 at 15.)

On September 18, 2007, Wilson was indicted on two counts of theft and one count of criminal mischief for the March incident. (Doc. 6 at 21–22.) The case went to trial on June 9, 2008.[2] (Doc. 6 at 6.) Wilson claims that his court-appointed attorney in the criminal case, Defendant Edward Fowler ("Fowler"), was "planted" by Judge John Bentley ("Bentley") to sabotage the case and keep Wilson in prison. (Doc. 1 at 17; Doc. 6 at 6.) Wilson also asserts that Fowler "forced" him to enter a guilty plea by not summoning any witnesses or otherwise aiding in his defense. (Doc. 1 at 18.)

While in prison and awaiting trial, Wilson sought assistance from the American Civil Liberties Union of Alabama ("ACLU"), which informed Wilson that it did not assist with criminal matters. (Doc. 1 at 8.) Wilson then filed *pro se* in

---

[2] In his complaint, Wilson misstates the trial date as June 9, 2007. (Doc. 1 at 17–18.) In his motion to appoint counsel, however, Wilson corrects the date as June 9, 2008 (Doc. 6 at 6) and provides documentation verifying 2008 as the correct year (Doc. 6 at 17).

federal court a civil action very similar to the instant suit that was dismissed as frivolous pursuant to 28 U.S.C. § 1915A. (Doc. 4 at 4 n.2.) After the dismissal, it appears that Wilson attempted to file a complaint with the Alabama State Bar Disciplinary Commission. (Doc. 1 at 6.) Finally, in 2009, Wilson made efforts to secure counsel, presumably for another civil action based upon these facts. (Doc. 1 at 5, 7, 9.) He was ultimately unsuccessful. The last of the letters that Wilson received, dated September 8, 2009, declined representation but informed Wilson "that state and federal laws place a strict time limit on the right to pursue an action" and that a failure to "file a lawsuit within the applicable statute of limitation" would "forever bar[]" Wilson's claim. (Doc. 1 at 5.)

Wilson filed the instant action on June 30, 2016, accompanied by a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1). (Doc. 4 at 1.) The motion was granted by federal Magistrate Judge T. Michael Putnam on July 1, 2016 (Doc. 4), and the case was reassigned to this Court. Wilson now seeks to have this Court appoint him counsel to proceed with his action. (Doc. 6.)

## II. STANDARD OF REVIEW

An indigent person seeking to initiate a civil action may ask the court to allow him to proceed without prepayment of fees by submitting an affidavit describing his financial situation. 28 U.S.C. § 1915(a)(1). If the court grants the motion and allows

the party to prosecute the action *in forma pauperis*, the court may also appoint counsel to represent the indigent party. *Id.* § 1915(e)(1). However, if the court at any time determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the court must dismiss the action. *Id.* § 1915(e)(2).

An indigent party's action is considered to be frivolous "if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). In an action brought under § 1983, there must be "a factual and legal basis, of constitutional dimension, for the asserted wrong." *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (quoting *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). The complaint may be dismissed even before service of process if this Court concludes that the action "has little or no chance of success" because "the factual allegations are 'clearly baseless'" or "the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Similarly, a claim based on "fantastic or delusional scenarios" is frivolous. *Bilal*, 251 F.3d at 1349.

This Court must also dismiss a complaint if it is "apparent from the face of the complaint or the court's records" that an affirmative defense renders the claims asserted frivolous. *Clark*, 915 F.2d at 640 & n.2. A defendant's absolute immunity from suit, res judicata and collateral estoppel, and the expiration of the applicable statute of limitation are but a few examples. *Id.* at 640 n.2.

### III. ANALYSIS

Wilson's complaint is due to be dismissed for several reasons. First, the action is frivolous because the claims alleged are all barred by the applicable statute of limitation. Even if the claims were not barred, however, many of the defendants enjoy absolute judicial or quasi-judicial immunity from suit. As to the remaining defendants, Wilson's complaint fails to state a claim on which relief may be granted. This Court must therefore dismiss the action. 28 U.S.C. § 1915(e)(2).

#### A. STATUTE OF LIMITATION

If federal law does not provide for a time limitation for a federal cause of action, this Court adopts the analogous state law limitation period, as long as it is not inconsistent with federal law. *Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985). *But see* 28 U.S.C. § 1658(a) (adopting a four-year statute of limitation for federal laws enacted after December 1, 1990). A plaintiff alleging a civil rights violation under § 1983 must bring his claim within the period proscribed by state law for the

filing of "personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Alabama has two statutes that could potentially apply to Wilson's claims, a six-year limitation for "[a]ctions for any trespass to person or liberty, such as false imprisonment," Ala. Code § 6-2-34(1), and a two-year residual statute of limitation, Ala. Code § 6-2-38(*l*). Because Wilson brings his claims under § 1983, the two-year residual period applies to his suit. *Owens v. Okure*, 488 U.S. 235, 236 (1989) ("[W]here a state has one or more statutes of limitations for certain enumerated intentional torts, and a residual statute for all other personal injury actions . . . the residual or general personal injury statute of limitations applies.").

The statutory period begins to run "from the time the cause of action 'accrues.'" *Freeman v. Holyfield*, 179 So. 3d 101, 105 (Ala. 2015) (quoting *Wheeler v. George*, 39 So. 3d 1061, 1084 (Ala. 2009)). "The cause of action 'accrues' as soon as the party in whose favor it arises is entitled to maintain an action thereon." *Id.* A claim for false imprisonment thus "accrues on the date of arrest." *Id.* A conspiracy claim that "rests upon" the underlying wrong of false imprisonment is valid only if the false imprisonment claim is valid. *Id.* at 106.

Here, Wilson alleges facts that occurred in 2007 and 2008. His claim for false imprisonment accrued at the time of his arrest on April 2, 2007, so the applicable statutory period expired on that date in 2009. That he became "entitled

to maintain an action," *id.* at 105, on the facts alleged in this suit upon the date of his arrest is clear even to Wilson, who filed a similar action while incarcerated in 2007. Wilson asks this Court that he "not be time barred" with respect to the instant suit (Doc. 6 at 3), but the burden is on Wilson to show that he is entitled to equitable tolling of the statute of limitation. *Booth v. Carnival Corp.*, 522 F.3d 1148, 1150 (11th Cir. 2008). Equitable tolling is an "extraordinary remedy" that "may be appropriate," *id.*, where a plaintiff "has actively pursued his judicial remedies by filing a defective pleading during the statutory period" or "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). A suit will not be equitably tolled where the plaintiff merely "failed to exercise due diligence in preserving his legal rights." *Id.* Wilson "actively pursued his judicial remedies" in this matter by filing a civil rights action alleging similar facts[3] in 2007, which was dismissed as frivolous. (Doc. 4 at 4 n.2.) Additionally, he was informed in 2009 of the need to timely file a complaint but took no action until June 2016. As such, Wilson is not entitled to equitable tolling of the statute of limitation. His claims are thus barred because the applicable statutory period has passed.

---

[3] To the extent that Wilson makes the same claims against the same defendants as in the 2007 action, those claims are also barred by the doctrine of res judicata. *Harmon v. Webster*, 263 F. App'x 844, 845–46 (11th Cir. 2008). This applies to the claims against Defendants Blaylock, Webb, Rhodes, Hughes, Cashion, and Williams.

B. ABSOLUTE IMMUNITY

A judge is entitled to absolute judicial immunity for actions taken in his judicial capacity unless the judge "acted in the 'clear absence of all jurisdiction.'" *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (per curiam) (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam)). This is true "even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Id.* (citing *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983)).

Wilson names Alabama state court judges Bentley and Jimmy Cashion ("Cashion") as defendants in the action, alleging that Cashion denied him a lawyer and bail (Doc. 1 at 16) and that Bentley forced him to plead guilty to the theft and criminal mischief charges (Doc. 1 at 17). Decisions to appoint counsel or grant bail are likely "normal judicial functions" that "involve a case pending before the judge." Similarly, a judge presiding over a criminal trial acts in his judicial capacity. The acts upon which Wilson bases his claim appear well within the jurisdiction of a

state court judge. Defendants Bentley and Cashion are therefore entitled to absolute judicial immunity in the action, even if, as Wilson alleges, their actions were undertaken for a malicious or otherwise improper purpose.

An analogous "quasi-judicial" immunity is extended to individual members of a state's parole board and to parole and probation officers. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (per curiam). Wilson accuses several employees of the Alabama Board of Pardons and Paroles of falsifying documents in order to revoke his parole, an action within the scope of these employees' official duties. The defendant members of the Alabama Board of Pardons and Paroles are therefore entitled to absolute immunity with respect to Wilson's claims.

C. Failure to State Claim

Conclusory statements of law that are not supported by concrete factual allegations are insufficient to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009). The complaint must "contain enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory.'" *Am. Fed'n of Labor & Cong. Of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)).

With respect to Defendants Troy King ("King"), Cheryl Rankin ("Rankin"), and Samuel Masdon ("Masdon"), Wilson makes only a brief statement that each of those defendants "aided and help[ed] cover for" the other defendants in the action. (Doc. 1 at 19–21.) Neither the complaint (Doc. 1) nor the motion to appoint counsel (Doc. 6) elaborates or explains how King, Rankin, or Masdon participated in the other named defendants' conduct. These conclusory allegations do not "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Similarly, Wilson's General Complaint Form names "District Attorney John Jackson Bostick" ("Bostick") as a defendant in the action (Doc. 1 at 1), but Wilson makes no allegations against Bostick in his complaint or in his motion to appoint counsel. Simply naming an individual as a defendant is clearly insufficient to state a claim against that defendant.

## IV. CONCLUSION

For the reasons stated above, Wilson's motion to appoint counsel (Doc. 6) is due to be DENIED and the complaint is due to be DISMISSED. A separate order consistent with this opinion will be entered.

**DONE** AND **ORDERED** ON AUGUST 31, 2016.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

186289